UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :     15-CV-5180 (ARR)
29 BROOKLYN, LLC,                                                    :
                                                                     :     Related to Bankruptcy Case
                                            Appellant,               :     No. 12-40279-CEC
                                                                     :
        -against-                                                    :     NOT FOR ELECTRONIC
                                                                     :     OR PRINT PUBLICATION
STEPHEN R. CHESLEY,                                                  :
                                                                     :     OPINION & ORDER
                                            Appellee.                :
                                                                     X
--------------------------------------------------------------------

ROSS, United States District Judge:

In this appeal from the United States Bankruptcy Court for the Eastern District of New York, appellant has moved for a stay of the challenged bankruptcy court order, which he asks this court to address on an expedited basis. For the reasons set forth below, appellant's motion for a stay is denied.

## BACKGROUND

The court assumes familiarity with the underlying facts and summarizes the relevant points only briefly.[1]

In July 2010, a foreclosure action was commenced against the property located at 29 Brooklyn Avenue in Brooklyn, NY. Stephen R. Chesley, the appellee here, was appointed as receiver. That property was subsequently purchased by 29 Brooklyn, LLC, the appellant here.

In January 2012, appellant filed a bankruptcy case in the United States Bankruptcy Court for the Eastern District of New York. Consistent with § 543 of the Bankruptcy Code, appellee

---

[1] Unless otherwise noted, the facts are taken from the bankruptcy court's order of August 21, 2015, in case number 12-40279-CEC. See In re Brooklyn Ave., LLC, 535 B.R. 36 (Bankr. E.D.N.Y. 2015).

1

turned the property over to appellant and filed a proof of claim, which he subsequently amended on multiple occasions, for unpaid expenses that he incurred prior to the bankruptcy and for his commissions. Appellant objected to that proof of claim. When appellant filed a plan of reorganization, appellee objected to confirmation of the plan.

In an effort to resolve appellee's objections and permit the plan to move forward, appellee withdrew his objection, and appellant placed a sum in escrow totaling the full amount of the proof of claim at that time. The sum was to remain in escrow pending determination of the appellant's objection to the proof of claim.

Following an eight-day trial on the appellant's objection to the proof of claim, Chief Bankruptcy Judge Carla E. Craig determined that the appellee was entitled to $72,449.35 of the amount sought in the proof of claim, less surcharges totaling $225.49. On August 21, 2015, Judge Craig ordered appellant to remit $72,223.86 of the escrowed funds to appellee. See In re Brooklyn Ave., LLC, 535 B.R. at 60.

Appellant has not complied with that order. On September 4, 2015, appellant filed a notice of appeal in this court challenging that order. See 29 Brooklyn, LLC v. Chesley, No. 15-CV-5180 (ARR), Notice of Appeal, Dkt. #1. Further, on October 20, 2015, appellant filed a motion for a stay of that order in the bankruptcy court. See In re 29 Brooklyn Avenue, LLC, No. 12-40279-CEC, Mot. to Stay Order Pending Appeal of the Bankruptcy Ct.'s August 21, 2015 Decision and Order, Dkt. #227 ("Bankruptcy Court Stay Mot."). That motion was filed approximately two months after the bankruptcy court ordered appellant to remit payment.

The bankruptcy court denied appellant's motion for a stay by order dated December 11, 2015. See In re 29 Brooklyn Avenue, LLC, No. 12-40279-CEC, Decision and Order Denying

2

Stay, Dkt. #236. That order was subsequently amended. See In re 29 Brooklyn Avenue, LLC, No. 12-40279-CEC, Amended Order Denying Stay, Dkt. #247. The order denying appellant's motion for a stay required appellant to remit payment to appellee by 5:00 p.m. on December 14, 2015.[2] Id. Appellant did not comply with that order. Instead, appellant filed a motion for a stay in this court two days after the deadline for payment had elapsed. See 29 Brooklyn, LLC v. Chesley, No. 15-CV-5180 (ARR), Appl. in Supp. of Mot. for Stay Pending Appeal of the Bankruptcy Ct.'s August 21, 2015 Decision and Order, Dkt. #6 ("District Court Stay Mot."). Appellant's motion asks this court to stay the bankruptcy court's orders of August 21, 2015 and December 11, 2015. Id. at 16. The motion also asks this court to stay a subsequent order by the bankruptcy court scheduling a contempt hearing for December 17, 2015 regarding appellant's non-payment. Id.

## LEGAL STANDARD

The Federal Rules of Bankruptcy Procedure govern application for a stay pending appeal of a decision of the bankruptcy court. Rule 8007 requires the applicant to first move in the bankruptcy court. Fed. R. Bankr. P. 8007(a)(1)(A). After doing so, the applicant may seek a stay in the district court where the bankruptcy appeal is pending. Id. 8007(b)(1).

The decision to grant or deny a stay pending appeal of a decision of the bankruptcy court falls within the sound discretion of the district court and is reviewed for abuse of discretion. In re Adelphia Commc'ns Corp., 361 B.R. 337, 346 (S.D.N.Y. 2007). In deciding whether to grant or deny such a stay, the district court considers four factors: "(1) whether the movant will suffer

---

[2] The original version of the order directed appellant to remit payment in the amount of $72,449.86. However, the bankruptcy court subsequently amended the order such that it directed payment in the amount of $72,223.86. The latter amount is consistent with the bankruptcy court's August 21, 2015 order. See In re Brooklyn Ave., LLC, 535 B.R. at 60.

3

irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." In re Albicocco, No. 06-CV-3409 (JFB), 2006 WL 2620464, at *1 (E.D.N.Y. Sept. 13, 2006) (quoting Hirschfeld v. Bd. of Elections in the City of N.Y., 984 F.2d 35, 39 (2d Cir. 1993)). The burden rests with the movant to demonstrate that a stay should be granted. Id.

Although some courts in this circuit require the moving party to demonstrate each factor of the four-factor test in order to prevail, other courts engage in a balancing of these factors to determine whether the moving party is entitled to a stay. In re Taub, 470 B.R. 273, 277-78 (E.D.N.Y. 2012). The court need not resolve this tension because appellant's motion fails under either approach.

## DISCUSSION

**1.     Irreparable Harm to the Movant**

"A showing of probable irreparable harm is the principal prerequisite" for issuing a stay. Id. at 278 (quoting In re Adelphia Commc'ns Corp., 361 B.R. at 347). Harm is not irreparable where is it remote or speculative or where it can be fully remedied by monetary damages. Id. (citing Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, 934 F.2d 30, 34 (2d Cir. 1991)). See also In re Vincent Andrews Mgmt. Corp., 414 B.R. 1, 7 (D. Conn. 2009) ("creditors' efforts to collect on a judgment during the pendency of an appeal generally do not constitute irreparable harm because debtors can be adequately compensated by monetary damages if they succeed on their appeal").

Appellant argues that it will suffer irreparable harm absent a stay in two ways. The first is the "expense and nuisance of transferring funds." District Court Stay Mot. at 8. The second is "the impression paying the Proof of Claim will leave on the District Court." Id. Appellant's arguments lack factual and legal support, and they also lack merit. Appellant fails to explain why the "expense and nuisance" allegedly involved in the transfer of escrowed funds cannot be fully remedied by monetary damages. Appellant also fails to explain why the transfer of escrowed funds pursuant to court order would insulate that order from meaningful appellate review in this court. Accordingly, appellant has failed to show irreparable harm, and this factor weighs against granting a stay.

**2.      Substantial Injury to Other Parties**

The movant must also show that other parties will not suffer substantial injury if the stay is granted. In re BGI, Inc., 504 B.R. 754, 764 (S.D.N.Y. 2014). Although appellant argues that appellee is not substantially harmed by a stay because "more than sufficient funds . . . are being held in escrow," District Court Stay Mot. at 8, that argument "completely disregards well settled precedent that 'the delay caused to creditors receiving their payments is also a significant harm in warranting denial of a stay.'" In re Fairmont Commc'ns Corp., No. 92-B-44861, 1993 WL 428710, at *4 (Bankr. S.D.N.Y. Oct. 12, 1993) (quoting In re Pub. Serv. Co. of New Hampshire, 116 B.R. 347, 350 (Bankr. D.N.H. 1990)). See also In re Vincent Andrews Mgmt. Corp., 414 B.R. at 7 (holding that further delay in collection on judgment weighed against granting a stay).

Appellee filed his notice of claim several years ago, and he received a favorable order from the bankruptcy court several months ago. In light of this significant delay, appellant has failed to show that other parties will not suffer substantial injury if the stay is granted, and this

factor weighs against granting a stay.

**3.      Substantial Possibility of Success on Appeal**

"The single most important factor is likelihood of success on the merits." In re Taub, 470 B.R. at 278 (quoting In re Baker, No. 05-CV-3487 (CPS), 2005 WL 2105802, at *3 (E.D.N.Y. Aug. 31, 2005)). The "showing of substantial possibility of success is inversely proportional to the amount of irreparable injury," meaning that a movant who has failed to demonstrate irreparable injury, as is the case here, "must clearly establish a substantial possibility of success on appeal" to prevail. In re Taub, 470 B.R. at 278 (quoting In re Adelphia Commc'ns Corp., 361 B.R. at 349).

Appellant acknowledges that this court will review its appeal with substantial deference to the bankruptcy court and that appellant will bear the burden of demonstrating that the bankruptcy court's findings were clearly erroneous. See 29 Brooklyn, LLC v. Chesley, No. 15-CV-5180 (ARR), Appellant's Brief, Dkt. #4, at 6. Nonetheless, appellant argues a substantial possibility that its appeal will succeed. District Court Stay Mot. at 9-15. Specifically, he claims that the bankruptcy court erred by failing to find gross mismanagement on the part of appellee in his capacity as receiver of the property at issue. Id. at 9.

Under the Bankruptcy Code, receivers such as appellee may receive "reasonable compensation" for pre-petition services rendered and costs and expenses incurred. 11 U.S.C. §§ 101(11), 543(b)(1). However, the law of New York provides that "compensation may be denied to a receiver who has grossly mismanaged the property entrusted to him or her." Fed. Deposit Ins. Corp. v. 65 Lenox Rd. Owners Corp., 704 N.Y.S.2d 613 (N.Y. App. Div. 2d Dep't 2000). The term "gross mismanagement" is carefully circumscribed. In order for a receiver's actions to

6

rise to the level of gross mismanagement, those actions must "result[] in great loss to the estate." Title Guarantee & Trust Co. v. Adlake Corp., 290 N.Y.S. 1007, 1010 (N.Y. Sup. Ct. Queens Cnty. 1936). Under this standard, causation and loss play a critical role in the analysis; mere noncompliance with technical requirements of the receivership are insufficient to constitute gross mismanagement. See, e.g., David Realty & Funding, LLC v. Second Ave. Realty Co., 788 N.Y.S.2d 371, 373-74 (N.Y. App. Div. 1st Dep't 2005) (holding that receiver was not disqualified from receiving commissions for failure to comply with various provisions of order of appointment including "failing to keep the mortgaged premises properly insured, failing to pay taxes as they came due and failing to pay the common charges in a timely fashion" because "[s]uch failures were de minimis" and "caused no harm to the estate").

Appellant argues a substantial possibility of success on appeal based on the bankruptcy court's failure to account for various violations of the receiver order by appellee as well as that court's failure to appreciate the harm occasioned by appellee's mismanagement. District Court Stay Mot. at 9. To the contrary, the bankruptcy court specifically addressed and rejected these grounds for denying compensation based on gross mismanagement. See In re Brooklyn Ave., LLC, 535 B.R. at 58-59. The bankruptcy court found that the lynchpin of the gross mismanagement standard was missing because the factual record "[did] not support the conclusion that the Receiver caused great loss to the estate." Id. at 59 (emphasis added). The bankruptcy court's finding relied upon trial testimony it was entitled to credit that the property at issue was dilapidated from the start of the receivership. Id. Accordingly, the bankruptcy court found that even if the property was in poor condition at the end of the receivership, "there [wa]s no evidentiary basis on this record to conclude that the Receiver's actions caused such poor

conditions." Id. Given the deferential standard applied to that finding, appellant has failed to "clearly establish a substantial possibility of success on appeal." See In re Taub, 470 B.R. at 278 (quoting In re Adelphia Comms. Corp., 361 B.R. at 349). Accordingly, this factor also weighs against granting a stay.

**4.      Public Interests Affected**

Finally, appellant argues that "[t]he public interest weighs heavily in favor of a stay" because the stay "would allow the District Court to reverse [the Bankruptcy Court] without the unnecessary expense and confusion that would ensue as a result of transferring the funds in escrow back and forth." District Court Stay Mot. at 15. This argument is entirely without merit. To the extent that any public interest is implicated here, this court agrees that "[t]he public interest is served when allowed claims are paid in accordance with court order." See In re 29 Brooklyn Avenue, LLC, No. 12-40279-CEC, Decision and Order Denying Stay, Dkt. #236, at 8. Appellant cannot credibly argue that its disregard of two bankruptcy court orders, each requiring that appellant remit payment to appellee, advances the public interest. Accordingly, this final factor likewise weighs against granting a stay.

Because none of the factors support granting a stay, the court need not engage in a balancing exercise. Appellant has failed entirely to carry its burden to demonstrate that a stay should be granted.

**CONCLUSION**

Accordingly, it is hereby ordered that appellant's motion for a stay pending appeal is denied.

SO ORDERED.

                                                                       s/ Allyne R. Ross
                                                                      Allyne R. Ross
                                                                      United States District Judge

Dated: Brooklyn, New York
        December 16, 2015